UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiff Millennium, L.P.

---

MILLENNIUM, L.P.,

                Plaintiff,

     v.

DOCUMENT IMAGING SOLUTIONS, INC.,

                Defendant.

**Case No. 07-CV-08183**

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff, Millennium, L.P., a limited partnership (hereinafter referred to as "Millennium"), demands a jury trial and complains against the defendant as follows:

## THE PARTIES

1. Millennium is a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business at Clifton House, 75 Fort Street, P.O. Box 190, George Town, Grand Cayman, Cayman Islands.

2. Upon information and belief, Document Imaging Solutions, Inc. (hereinafter referred to as "Defendant" or "DIS") is a corporation organized and existing under the laws of the State of Ohio, having a place of business at 8529 N. Dixie Drive, Dayton, Ohio 45414.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is doing business and committing infringements in this judicial district and are subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## CLAIM FOR PATENT INFRINGEMENT

6. Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 5 above.

7. On November 2, 1993, U.S. Patent No. 5,258,855 (hereinafter referred to as "the '855 patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '855 Patent was subsequently assigned to Millennium. A copy of the '855 patent is attached to this Complaint as Exhibit 1.

8. On November 29, 1994, U.S. Patent No. 5,369,508 (hereinafter referred to as "the '508 patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '508 Patent was subsequently assigned to Millennium. A copy of the '508 patent is attached to this Complaint as Exhibit 2.

9. On April 29, 1997, U.S. Patent No. 5,625,465 (hereinafter referred to as "the '465 patent") was duly and legally issued to International Patent Holdings, Ltd. for an invention entitled "Information Processing Methodology." The '465 Patent was subsequently assigned to Millennium. A copy of the '465 patent is attached to this Complaint as Exhibit 3.

10. On June 16, 1998, U.S. Patent No. 5,768,416 (hereinafter referred to as "the '416 patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology." A copy of the '506 patent is attached to this Complaint as Exhibit 4.

2

11.     On July 25, 2000, U.S. Patent No. 6,094,505 (hereinafter referred to as "the '505 patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology."  A copy of the '505 patent is attached to this Complaint as Exhibit 5.

12.     Millennium is the owner of all right, title and interest in and to the '855 patent, the '508 patent, the '465 patent, the 506 patent and the '505 patent.

## COUNT ONE

13.     Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 12 above.

14.     DIS has and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '855 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '855 patent without permission from Millennium and will continue to do so unless enjoined by this Court.

15.     Plaintiff, Millennium, has been damaged by such infringing activities by the Defendant of the '855 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT TWO

16.     Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 15 above.

17.     DIS has and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '508 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a

manner defined by the claims of the '508 patent without permission from Millennium and will continue to do so unless enjoined by this Court.

18. Plaintiff, Millennium, has been damaged by such infringing activities by the Defendant, of the '508 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## **COUNT THREE**

19. Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 18 above.

20. DIS has and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '465 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '465 patent without permission from Millennium and will continue to do so unless enjoined by this Court.

21. Plaintiff, Millennium, has been damaged by such infringing activities by the Defendant of the '465 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## **COUNT FOUR**

22. Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 21 above.

23. DIS has and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '506 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a

manner defined by the claims of the '506 patent without permission from Millennium and will continue to do so unless enjoined by this Court.

24. Plaintiff, Millennium, has been damaged by such infringing activities by the Defendant, of the '506 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT FIVE

25. Plaintiff, Millennium, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

26. DIS has and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '505 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '505 patent without permission from Millennium and will continue to do so unless enjoined by this Court.

27. Plaintiff, Millennium, has been damaged by such infringing activities by the Defendant, of the '505 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, THE Plaintiff, Millennium prays for judgment against the Defendant DIS on all the counts and for the following relief:

A. Declaration that the Plaintiff is the owner of the '855 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

B. Declaration that the '855 patent is valid and enforceable;

C. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed '855 patent;

1   D.  Declaration that the Plaintiff is the owner of the '508 patent, and that the Plaintiff has
2       the right to sue and to recover for infringement thereof;
3   E.  Declaration that the '508 patent is valid and enforceable;
4   F.  Declaration that the Defendant has infringed, actively induced infringement of, and
5       contributorily infringed '508 patent;
6   G.  Declaration that the Plaintiff is the owner of the '465 patent, and that the Plaintiff has
7       the right to sue and to recover for infringement thereof;
8   H.  Declaration that the '465 patent is valid and enforceable;
9   I.  Declaration that the Defendant has infringed, actively induced infringement of, and
10      contributorily infringed '465 patent;
11  J.  Declaration that the Plaintiff is the owner of the '506 patent, and that the Plaintiff has
12      the right to sue and to recover for infringement thereof;
13  K.  Declaration that the '506 patent is valid and enforceable;
14  L.  Declaration that the Defendant has infringed, actively induced infringement of, and
15      contributorily infringed '506 patent;
16  M.  Declaration that the Plaintiff is the owner of the '505 patent, and that the Plaintiff has
17      the right to sue and to recover for infringement thereof;
18  N.  Declaration that the '505 patent is valid and enforceable;
19  O.  Declaration that the Defendant has infringed, actively induced infringement of, and
20      contributorily infringed '505 patent;
21  P.  A preliminary and permanent injunction against the Defendant, each of its officers,
22      agents, servants, employees, and attorneys, all parent and subsidiary corporations,
23      their assigns and successors in interest, and those persons acting in active concert or
24      participation with them, including distributors and customers, enjoining them from
25      continuing acts of infringement, active inducement of infringement, and contributory
26      infringement of Millennium's '855, '508, '465, '506 and '505 patents;
27
28

Q. An accounting for damages under 35 U.S.C. §284 for infringement of Millennium's '855, '508, '465, 506 and '505 patents by the Defendant and the award of damages so ascertained to the Plaintiff, Millennium, together with interest as provided by law;

R. Award of reasonable attorney's fees to the Plaintiff, Millennium, pursuant to 35 U.S.C. §285;

S. Award of Millennium's costs and expenses; and

T. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff, Millennium, demands a trial by jury of all issues properly triable by jury in this action.

                By: /s/Jean-Marc Zimmerman
                    Jean-Marc Zimmerman (JZ 7743)
                    Zimmerman, Levi & Korsinsky, LLP
                    226 St. Paul Street
                    Westfield, New Jersey 07090
                    Attorneys for Plaintiff Millennium, L.P.

Dated: September 14, 2007
       Westfield, New Jersey

MILLENNIUM V. DIS